## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HASSAN ALI HAYWARD,** | : | **Civil No. 3:18-CV-972** |
| | : | |
| **Petitioner,** | : | **(Judge Brann)** |
| | : | |
| **v.** | : | **(M.J. Carlson)** |
| | : | |
| **ROBERT MARSH, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

One of the statutory prerequisites to a state prisoner seeking habeas corpus relief in federal court is that the prisoner must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The instant case presents a model of an unexhausted petition, since the petitioner, David Hayward, seeks federal habeas corpus review in cases which are now actively on appeal in the state court system. In light of the fact that this is undeniably an unexhausted federal habeas corpus petition, the question before this Court is how best to address what is currently a premature and procedurally flawed petition. For the reasons set forth below, it is recommended that this petition be dismissed without prejudice to renewal of the petition once the petitioner has properly exhausted his state remedies.

## II.    <u>Statement of Facts and of the Case</u>

With respect to this petition, Hayward alleges that he was convicted of state drug charges and sentenced on January 2, 2018 to 80-192 months imprisonment. (Doc. 2, p.3.) Thus, given the relatively recent timing of Hayward's conviction and sentence on the face of Hayward's petition it appears that Hayward has not yet exhausted his state court remedies through direct appeal or state post-conviction relief act petitions. Further, the respondents confirm that Hayward's case is still being actively litigated in state court with his direct appeal pending before the Pennsylvania Superior Court. (Doc. 27.) Thus, Hayward's federal habeas corpus petition presents us with the paradigm of an unexhausted federal habeas corpus petition, a petition whose claims have not been properly and fully presented to and preserved in the state courts. Since the petitioner has not satisfied this threshold legal requirement prescribed by statute by exhausting his state remedies before proceeding into federal court, we submit that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## III.    <u>Discussion</u>

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).   By limiting habeas relief to state conduct which violates "the

Constitution or laws or treaties of the United States," § 2254 places a high threshold

on the courts. Typically, habeas relief will only be granted to state prisoners in

those instances where the conduct of state proceedings led to a "fundamental defect

which inherently results in a complete miscarriage of justice" or was completely

inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley,

512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will

not entitle a petitioner to § 2254 relief, absent a showing that those violations are so

great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394,

401-02 (3d Cir. 2004).

Furthermore, state prisoners seeking relief under Section 2254 must also

satisfy specific, and precise, procedural standards. Among these procedural

prerequisites is a requirement that the petitioner "has exhausted the remedies

available in the courts of the State" before seeking relief in federal court. 28 U.S.C. §

2254(b). Section 2254's exhaustion requirement calls for total exhaustion of all

available state remedies. Thus, a habeas petitioner "shall not be deemed to have

exhausted the remedies available in the courts of the State, within the meaning of this

section, if he has the right under the law of the State to raise, by any available

procedure, the question presented." 28 U.S.C. § 2254(c). In instances where a state

prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. <u>See Whitney v. Horn</u>, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999).   As the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation.   <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982).   Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. <u>Walker v. Vaughn</u>, 53 F.3d 609, 614 (3d Cir. 1995).   A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts.   <u>Evans v. Court of Common Pleas</u>, 959 F.2d 1227, 1231 (3d Cir. 1992); <u>Santana v. Fenton</u>, 685 F.2d 71, 73-74 (3d Cir. 1982).   A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state

relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court." Parker v.Kelchner, 429 F.3d 58, 63 (3d Cir. 2005).

When presented with a plainly unexhausted petition, like Hayward's petition, the court has several courses available to it. First, the court can dismiss the petition without prejudice, so that the petitioner can either return to state court and totally exhaust his claims, or proceed in federal court on a petition which raises only wholly exhausted issues. Rose v. Lundy, 455 U.S. 509 (1982). This total exhaustion approach facilitates the important goals of federalism and comity that are essential to the exhaustion rule and allows for complete legal and factual development of these cases in the state legal system before petitions are presented in federal court.

However, because strict compliance with this total exhaustion rule can create procedural dilemmas for some petitioners, the courts have adopted another procedure which may be employed in a limited number of cases, a "stay and abeyance" procedure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner. Rhines v. Weber, 544 U.S. 269 (2005). Yet, while granting a stay and abeyance is an available procedure, it is not a preferred course of action in these cases. Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court has held that:

6

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines v. Weber, 544 U.S. at 277. Therefore, in order to qualify for a stay and abeyance a petitioner should "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d. Cir.2009).

In this case it is evident that the exhaustion doctrine applies to this case since this federal habeas petition clearly contains legal claims which have not exhausted in state court. In fact, Hayward's federal pleading is the very model of an unexhausted petition which the court ordinarily should dismiss without prejudice, so that he can either return to state court and totally exhaust these claims or proceed in federal court on a petition which raises only wholly exhausted issues.   Rose v. Lundy, 455 U.S. 509 (1982). Nor can Hayward avoid this outcome by arguing that exhaustion of these state remedies on his part should be excused due to the futility of exhausting those state remedies. Because of the strong policies favoring exhaustion of state remedies, petitioners who seek to be excused from this requirement must make an exacting showing. As the United States Court of Appeals for the Third Circuit has aptly

observed:

> Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. See 28 U.S.C. §§ 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16(1982). Exhaustion, however, is not a jurisdictional matter but a matter of comity. See Story v. Kindt, 26 F.3d 402, 405 (3d Cir.1994). Federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy. Id.; 28 U.S.C. § 2254(b)(1)(B). We have held that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986). The existence of an inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required. Story, 26 F.3d at 405 (noting that this burden is "difficult to meet").

Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004).

In defining what type of delay constitutes an " inexcusable or inordinate delay" which may justify excusing the exhaustion requirement, the courts have looked at delays of years, not months. Thus, as the appellate court has explained:

> We stated in Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." In that case, thirty-three months had passed after the petitioner's PCRA filing without resolution. Id. This, we found, excused the petitioner's failure to exhaust his state court remedies. Id. at 356. The thirty-three month delay in Wojtczak remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement.

Cristin v. Brennan, 281 F.3d 404, 411 (3d Cir. 2002)(refusing to excuse exhaustion in the face of 27 month delay). See, e.g., Coss v. Lackawanna County Dist. Att'y, 204

F.3d 453, 460 (3d Cir.2000) (en banc) (seven year delay), rev'd on other grounds, 532 U.S. 394 (2001); Story v. Kindt, 26 F.3d 402, 406 (3d Cir.1994) (nine year delay).

Here, the state courts have consistently endeavored to promptly address Hayward's cases. Therefore, we cannot say that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable," Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986), and Hayward has not provided sufficient justification or excuse for this failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Therefore, Hayward's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed without prejudice to re-filing this petition once the petitioner has fully exhausted his state court remedies.

## IV.    Recommendation

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DISMISSED, without prejudice, and that a certificate of appealability should not issue.

The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,

recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of January, 2019.

*S/Martin C.   Carlson*
Martin C. Carlson
United States Magistrate Judge